IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHARLES ASHFORD
ADC #133975                                                                                    PLAINTIFF

v.                                    4:21cv00522-KGB-JJV

ASHLEY KING, *et al*.                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Charles Ashford ("Plaintiff"), currently in custody at the Maximum Security Unit of the Arkansas Division of Correction, filed a *pro se* complaint alleging violation of his federally protected rights. (Doc. No. 1.) Plaintiff sued Ashley King, a grievance coordinator at the Tucker Max Unit of the ADC, in her personal and official capacities. (*Id*. at 2.) Plaintiff said Defendant

1

King would not process his grievance detailing how he was gang raped. (*Id*. at 3.) Plaintiff alleged kidnapping, retaliation, rape, denial of administrative remedies, and imminent danger. Plaintiff indicated Defendant King's refusal to file his grievance allowed the rape to continue for the course of a week. (*Id*.)

On June 17, 2021, I determined that Plaintiff was a three-striker under the provisions of 28 U.S.C. § 1915(g). (Doc. No. 2.) I noted that Plaintiff may still proceed *in forma pauperis* ("IFP") if he is in imminent danger of serious physical injury. (*Id*. at 2.) I pointed out that Plaintiff did not provide facts indicating the rape could, or would, happen again in the future. (*Id*.) I also pointed out that Plaintiff failed to establish a nexus between his harm and the alleged actions of Defendant King, a grievance coordinator. (*Id*.) Plaintiff was given the opportunity to continue this case by paying the $402 filing fee, or filing an amended complaint establishing imminent danger along with a motion to proceed IFP.

Plaintiff filed his Amended Complaint on June 28, 2021, along with Declaration in support and an IFP Motion. (Doc. Nos. 3-5.) Plaintiff's Amended Complaint added Defendants and new allegations. After careful review, I found that in his Amended Complaint and Declaration, Plaintiff again did not provide sufficient facts to establish imminent danger. (Doc. No. 6 at 3.) Plaintiff failed to show the nexus between not being allowed to exhaust grievances and any imminent danger. Further, the imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury . . . ." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Plaintiff, however, failed to explain how any incident—rape or the excessive force alleged in his Amended Complaint and Declaration—could, or would, happen again in the future.

Because I found Plaintiff was not in imminent danger of serious physical harm as contemplated by 28 U.S.C. § 1915(g), on June 6, 2021 I explained to Plaintiff that to proceed with

this case he must pay the $402 filing and administrative fee within 30 days. (Doc. No. 6 at 3.) More than 30 days have passed since the June 6, 2021 Order was entered, and Plaintiff has not paid the $402 filing and administrative fee or otherwise responded to the Order.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 12th day of August 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE